UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| KENTON BRADLEY,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Civil No. 13-824 (PAM/TNL)<br><br>**REPORT AND RECOMMENDATION** |

This case is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. (Docket No. 1.) The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I.  BACKGROUND

Petitioner is an inmate at the Federal Prison Camp in Duluth, Minnesota. He is serving a 60-month prison sentence that was imposed in March 2011 in the United States District Court for the Northern District of Illinois. (Petition, p. 2, §§ 1-4.) Petitioner was sentenced after pleading guilty to conspiracy to possess with intent to distribute cocaine.

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

United States v. Bradley, Crim. No. 1:08-cr-102802.[2] Petitioner did not challenge his conviction or sentence by filing a direct appeal. Nor has he ever filed a motion seeking post-conviction relief under 28 U.S.C. § 2255. (Petition, p. 2, § 7; p. 3, § 10.)

In the present habeas corpus case, Petitioner is attempting to challenge the sentence that was imposed in 2011 in the Northern District of Illinois. The current petition lists three grounds for relief, which, repeated verbatim and in their entirety, are as follows:

**Ground 1** Petitioner was never interviewed for consideration under Title 18, Section 3553(e) insofar as 5H1.6 (Family Ties and Responsibility) and 5K1.1 (the full scope of substantial assistance) are concerned.

**Ground 2** Underlying facts of Adjusted Offense Level support a four-level reduction overall, pursuant to §3E1.1(a). The Court never made allowance for this adjustment, save for a two-level reduction.

**Ground 3** Petitioner was never offered plea agreement to reflect appropriate offense level, and added acceptance of responsibility. Such options were never put forth in negotiation through former counsel.

(Petition, p. 3, § 9.)

For the reasons discussed below, the Court finds that Petitioner's current challenges to his 2011 federal prison sentence cannot be brought in a § 2241 habeas corpus petition.

**II.    DISCUSSION**

As a general rule, a federal prisoner can maintain a collateral challenge to his

---

[2] The record from Petitioner's federal criminal case in the Northern District of Illinois is available to this Court by means of the Case Management/Electronic Case Filing system ("CM/ECF") that is maintained by the federal judiciary.

2

conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147 (2005). Subsection 2255(e) provides that –

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . and not in a habeas petition filed in the court of incarceration . . . under § 2241." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). No court has jurisdiction to hear a federal prisoner's collateral challenge to his original conviction or sentence under 28 U.S.C. § 2241, unless the prisoner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of . . . [his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), quoting 28 U.S.C. § 2255. See also Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam) (same). The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," (Abdullah, 392 F.3d at 959), because, when it applies, it can save a § 2241 habeas petition from being dismissed under the § 2255 exclusive remedy rule.

In this case, Petitioner is challenging the validity of his 2011 prison sentence in his Illinois federal criminal case. Although Petitioner has not done a very good job of

3

explaining exactly why he thinks his sentence is invalid, he clearly believes that errors were made and his sentence should be set aside. Therefore, Petitioner's current § 2241 habeas corpus petition is barred by the § 2255 exclusive remedy rule unless the savings clause is applicable.

Petitioner contends that § 2255 is an "inadequate or ineffective remedy" for his current claims because the one-year statute of limitations for seeking relief under § 2255 has already expired. (See Petition, p. 4, § 12; p. 5, § 17.) It is true that § 2255 motions are subject to a one-year limitations period. 28 U.S.C. § 2255(f). Furthermore, it does appear that the one-year limitations period has expired because the judgment entered in Petitioner's Illinois criminal case became final more than one year ago.[3] It does not necessarily follow, however, that § 2255 must be viewed as an inadequate or ineffective remedy for Petitioner's current claims merely because Petitioner did not pursue that remedy within the one-year limitation period prescribed by § 2255(f).

The one-year statute of limitations that applies to § 2255 motions would be rendered meaningless if a prisoner who is time-barred from bringing a § 2255 motion could simply argue that the remedy provided by that statute has become "inadequate or ineffective" on this basis and he should therefore be allowed to bring his claims in a § 2241 habeas corpus petition. Congress could not have intended for the statute of limitations to be so easily

---

[3] It appears that judgment was entered in Petitioner's criminal case on or about March 22, 2011. (Petition, p. 2, § 4.) Because Petitioner did not file a direct appeal, the judgment became final, for purposes of § 2255(f), upon the deadline for filing a direct appeal. See Anjulo-Lopez v. United States, 541 F.3d 814, 816, n. 2 (8th Cir. 2008) (conviction became "final" when the deadline for filing a notice of appeal expired). Petitioner had fourteen days to file a notice of appeal, (Fed. R. App. P. 4(b)(1)), so the statute of limitations apparently began to run on or about April 5, 2011, and the one-year limitations period apparently expired on or about April 5, 2012.

evaded.  Indeed, the Eighth Circuit Court of Appeals has repeatedly held that § 2255 will not be viewed as inadequate or ineffective "merely because . . . petitioner has allowed the one year statute of limitations and/or grace period to expire."  United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted).  See also Hill, 349 F.3d at 1091 ("in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition"); Abdullah, 392 F.3d at 959 ("§ 2255 is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under that section is time-barred").

"A federal prisoner should be permitted to seek habeas corpus [under § 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion."  In re: Davenport, 147 F.3d 605, 611 (7th Cir. 1998).  Section 2255 is not inadequate or ineffective, thereby allowing a prisoner to challenge his or her conviction or sentence in a § 2241 habeas corpus petition, "where a petitioner had any opportunity to present his claim beforehand."  Abdullah, 392 F.3d at 963.

As the Eighth Circuit Court of Appeals explained in Abdullah –

[T]he Due Process Clause of our Constitution does not require that a petitioner have more than one unobstructed procedural opportunity to challenge his conviction.  "That does not mean he took the shot, or even that he or his attorney recognized the shot was there for the taking.  All the Constitution requires, if it requires that much, is that the procedural opportunity have existed."

Id., quoting Wolford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999).

Applying this rule here, the Court finds that Petitioner is not eligible for the § 2255 savings clause because his current claims for relief could have been raised in a direct

appeal, or in a § 2255 motion filed within the applicable one-year limitation period. Petitioner cannot now claim that § 2255 is "inadequate or ineffective" simply because he failed to present his current claims on direct appeal or in a timely § 2255 motion. See Hill, 349 F.3d at 1092 (§ 2255 is not an inadequate or ineffective remedy where the petitioner had "at least two opportunities to raise [his] argument before the sentencing court").

The Court has not overlooked Petitioner's vague contention that he was unable to file a § 2255 motion during the one-year period after the judgment in his criminal case became final. Petitioner contends that he was unable to pursue his current grounds for relief in a timely § 2255 motion, because --

(I) With regard to Ground 1: "Discovery wasn't known until well after window to file § 2255 had expired."

(ii) With regard to Ground 2: "Discrepancies within sentence guideline and offense level were not known until well after appeal and § 2255 filings could be addressed."

(iii) With regard to Ground 3: "Notifying the Court of possible sentence adjustment was submitted in due time. Yet, failure to discover said evidence was not attributable to a lack of due diligence by Petitioner, as outlined within Rule 33(a)."

(Petition, p. 4, § 12.)

Petitioner seems to be arguing that he was unable to file a § 2255 motion within the statute's one-year limitation period through no fault of his own, but due solely to external circumstances that were beyond his control. He apparently contends that the remedy provided by § 2255 is "inadequate or ineffective" for the claims listed in his current petition because he was unable to seek relief under § 2255 in a timely manner and he should therefore be allowed to challenge his sentence in a § 2241 habeas corpus petition. This

6

"savings clause" argument, however, must be rejected.

If Petitioner truly was unable to file a § 2255 motion within the one-year limitation period because of matters beyond his control (as he claims), then he would have a colorable argument for equitable tolling of the statute of limitations. "Under the doctrine of equitable tolling, the AEDPA's statutory limitations period may be tolled if a petitioner can show that (1) he has been diligently pursuing his rights and (2) an extraordinary circumstance stood in his way." White v. Dingle, 616 F.3d 844, 847 (8th Cir. 2010). See also Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001) (equitable tolling is available "when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time"). Moreover, if equitable tolling were available to Petitioner, as suggested by his savings clause argument, then the remedy provided by § 2255 should still be available to him – which means that the remedy is not inadequate or ineffective for his current claims for relief.

The Tenth Circuit Court of Appeals discussed a similar scenario in Robinson v. Ledezma, 399 Fed.Appx. 329 (10th Cir. 2010) (unpublished opinion). In that case, a federal criminal defendant was erroneously convicted of an offense that was more serious than the charged offense. This resulted from an unintentional (and inexplicable) oversight by the prosecuting attorney, the defense attorney, and the trial judge. Id. at 329. By the time the mistake was discovered, it appeared to be too late to file a timely § 2255 motion because the one-year statute of limitations had already expired. The defendant (with the aid of a new attorney) attempted to rectify the mistake by filing a § 2241 habeas corpus petition. Because the defendant was challenging the validity of his original conviction and sentence, he was barred from seeking relief under § 2241 unless he could successfully

invoke the savings clause. The defendant argued that § 2255 was an inadequate or ineffective remedy because the one-year limitations period had expired and he should therefore be allowed to seek relief under § 2241.

The defendant in Robinson, like Petitioner here, contended that he could not have brought his claims before the expiration of the § 2255 one-year statute of limitations because of circumstances beyond his control. The Tenth Circuit found this argument to be compelling, and acknowledged that "[t]he circumstances surrounding [the defendant's] prosecution, plea, and sentencing proceedings . . . suggest a facially plausible excuse for his failure to promptly recognize and seek to remedy the claim he has now raised." Id. at 333. However, the Tenth Circuit did not find that the defendant's "facially plausible excuse" allowed him to invoke the § 2255(e) savings clause. Instead, the Court found that the defendant's excuse created "at least a colorable basis to argue" that equitable tolling should be applied, so that his substantive grounds for relief, (i.e., his legal challenges to his conviction and sentence), could still be addressed on the merits in a belated § 2255 motion. Id. at 334. Because the defendant had at least a colorable argument for equitable tolling, the Tenth Circuit concluded that § 2255 was not an inadequate or ineffective remedy for the defendant's claims. This meant that the savings clause was not available to the defendant, and he could not bring his current claims in a § 2241 habeas petition. Therefore, the case had to be dismissed for lack of jurisdiction. Id.[4]

---

[4] The Tenth Circuit encouraged the defendant to bring his claims in a new § 2255 motion, and in light of the obvious mistake that had occurred in the defendant's case, the Court also encouraged the prosecution to concede that equitable tolling was available. Robinson, 399 Fed.Appx. at 334.

8

The Tenth Circuit's analysis in Robinson is applicable here. If Petitioner believes that he has a plausible excuse for not filing a § 2255 motion during the one-year limitations period, then he must present that excuse to the trial court in a belated § 2255 motion and ask for equitable tolling. Because Petitioner believes his tardiness in filing a § 2255 motion is excusable, he cannot establish that § 2255 is an inadequate or ineffective remedy for his current claims. See Robinson, 399 Fed.Appx. at 334 ("petitioner has a colorable argument for equitably tolling the time bar in § 2255(f), and hence cannot demonstrate that the remedy provided by § 2255 is . . . unavailable to him"). See also Martin v. United States, No. 7:12-CV-00048 (W.D.Va. 2012), 2012 WL 1977985 at *2 ("[t]he fact that a new § 2255 motion may be time barred does not make § 2255 review 'inadequate' or 'ineffective,' especially since federal courts may equitably toll the statute of limitations"); Azura-Campos v. Atkinson, No. CA 5:12-204-TLW-KDW (D.S.C. 2012), 2012 WL 2060732 at * 3 (where habeas petitioner "never attempted to file a § 2255 motion, even though he could have done so and could have sought equitable tolling of the limitations period, . . . the possibility that a § 2255 motion filed by Petitioner... might be found untimely does not render the § 2255 remedy inadequate or ineffective").[5] Thus, the Court finds that the savings clause is <u>not</u> applicable here, and the § 2255 exclusive remedy rule bars Petitioner from raising his current claims for relief in a § 2241 habeas corpus petition.

### III. CONCLUSION

In sum, the Court finds that: (1) Petitioner's current application for habeas corpus relief challenges the validity of his 2011 sentence in his Illinois federal criminal case; (2)

---

[5] This Court does not address whether or not Petitioner has actually presented a sustainable equitable tolling argument here.

such challenges can be raised only in a motion for relief under 28 U.S.C. § 2255 unless the remedy provided by that statute is "inadequate or ineffective;" and (3) because Petitioner believes he has a good excuse for not filing a § 2255 motion within the applicable one-year limitations period, he cannot show that the remedy provided by § 2255 is "inadequate or ineffective," which means that he cannot challenge his sentence in a § 2241 proceeding. The Court concludes that Petitioner's current § 2241 habeas corpus petition is barred by the exclusive remedy provision of § 2255(e), and this action must be summarily dismissed for lack of jurisdiction. See DeSimone, 805 F.2d at 323-24 (§ 2241 habeas petition challenging prior criminal conviction was properly dismissed for lack of jurisdiction, where petitioner had not demonstrated that § 2255 motion was an inadequate or ineffective remedy); Abdullah, 392 F.3d at 964 ("[b]ecause Abdullah did not show that § 2255 was inadequate or ineffective, the district court correctly concluded that it had no jurisdiction to consider his claim in a § 2241 petition").

Having determined that this action must be summarily dismissed, the Court will further recommend that Petitioner's pending application to proceed in forma pauperis (Docket No. 2) be summarily denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

**IV. RECOMMENDATION**

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241 (Docket

No. 1) be summarily **DENIED**;

    2. Petitioner's application to proceed in forma pauperis (Docket No. 2) be **DENIED**; and

    3. This action be summarily **DISMISSED** for lack of jurisdiction.


Dated: May  15  , 2013

                                      *s/ Tony N. Leung*
                                       TONY N. LEUNG
                                       United States Magistrate Judge

                                       *Bradley v. United States of America*
                                       File No. 13-cv-00824 (PAM/TNL)


    Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before **June 15, 2013**.